JOHN L. BURRIS, Esq., SBN 69888
LATEEF GRAY, Esq., SBN 250055
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
lateef.gray@johnburrislaw.com

Attorneys for Plaintiff
JOSE REGALADO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE REGALADO,<br><br>                    Plaintiff,<br><br>     vs.<br><br>CITY OF SALINAS, a municipal corporation; STEPHEN CRAIG, individually and in his capacity as an officer for the City of Salinas Police Department; CARLO CALUPAD, individually and in his capacity as an officer for the City of Salinas Police Department; CAMERON MURPHY, individually and in his capacity as an officer for the City of Salinas Police Department; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>                    Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983, and  1988)<br><br>JURY TRIAL DEMANDED |

COMPLAINT FOR DAMAGES - 1

## INTRODUCTION

1.     This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  This action is against the City of Salinas, Officers Stephen Craig, Carlo Calupad, Cameron Murphy, and DOES 1-50.

2.     It is also alleged that these violations were committed during the course and scope of the above-mentioned officers' employment with the City of Salinas Police Department.

## JURISDICTION

3.     This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343 and 42 U.S.C. Section 12188(a). The unlawful acts and practices alleged herein occurred in Salinas, California, which is within the judicial district of this Court.

## PARTIES

4.     Plaintiff JOSE REGALADO ("Plaintiff") has been and is a resident of California.

5.     Defendant Officer STEPHEN CRAIG ("Craig") is sued in his individual capacity and in his capacity as an officer for the Salinas Police Department.

6.     Defendant Officer CARLO CALUPAD ("Calupad") is sued in his individual capacity and in his capacity as an officer for the Salinas Police Department.

7.     Defendant Officer CAMERON MURPHY ("Murphy") is sued in his individual capacity and in his capacity as an officer for the Salinas Police Department.

8.     Defendant CITY OF SALINAS ("City") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the City operates the Salinas Police Department.

9.     Plaintiff alleges that the SALINAS POLICE DEPARTMENT is a governmental entity subject to suit pursuant to 42 U.S.C. § 1983 and Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

10.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and

COMPLAINT FOR DAMAGES - 2

believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

**FACTUAL ALLEGATIONS**

11.    On January 18, 2015, at approximately 4:30 a.m., Plaintiff, Jose Regalado, was sleeping at his apartment, located at 323 Hayes Street in Salinas CA.  Also present were Plaintiff's wife, Danielle Regalado, sons, Jose Regalado Jr, and Romeo Regalado, daughter Sophia Regalado and mother-in-law, Ignacia Puga. Suddenly, several officers from the Salinas Police Department arrived at the apartment. Defendants Craig, Calupad, and Murphy were on the scene. Plaintiff woke up to the sound of a swat team outside of his apartment. Plaintiff heard the announcement, "SWAT team, Jose come out!"

12.    At the time, the Defendant officers screamed that Jose Regalado Jr. needed to come out of the apartment with his hands up.  The Defendant officers initially screamed for Jose Regalado Jr. in 323E, which was not Plaintiff's apartment.  The Defendant officers then amended their announcement to 323A, which was Plaintiff's apartment.  The Defendant officers then ordered everyone out of the apartment, starting with Jose Regalado Jr.  Jose Regalado Jr. complied and exited the apartment first. The Defendant officers promptly placed Jose Regalado Jr. in custody.  After Jose Regalado Jr. was taken into custody, Plaintiff exited the apartment with his hands up.  Plaintiff slowly moved toward the Defendant officers.  Plaintiff was faced with several officers who had their guns aimed at him. There were police K9s barking loudly and chaotically on the scene. Terrified, Plaintiff proceeded to walk forward as he was instructed to do. The Defendant officers then ordered Plaintiff to walk backwards. Without hesitation, Plaintiff complied with the officers' command. Next, the officers commanded Plaintiff to kneel down.  As Plaintiff began to kneel down, inexplicably and without provocation, Defendant Craig grabbed the back of Plaiintiff's neck and aggressively shoved Plaintiff's head into the pavement. The Defendant officer then lifted Plaintiff's head and slammed it into the pavement a second time. Shocked by the amount and egregiousness of the force, Plaintiff pleaded with the Defendant Officers and told them that he he was not resisting. Without regard for

Plaintiff's pronouncements, the Defendant officers continued to handle Plaintiff aggressively. The Defendant officers slammed Plaintiff's body against a nearby garage. Then Defendant Craig slammed Plaintiff on the ground. One of the Defendant officer's screamed, "give me your right hand!" Plaintiff never resisted and gave the Defendant officers control of his arm. One of the Defendant officers then stomped on Plaintiff's hands. Defendant Murphy then aggresviely pinned Plaintiff down, while another Defendant officer stepped on Plaintiff's ankle until it broke.

13.    As Plaintiff was bleeding from a gash on his head, he begged the Defendant officers for medical attention.  Instead of offering medical care, the Defendant officers pointed at Plaintiff and laughed.  The Defendant officers placed Plaintiff in the back of a police car, where he continued to bleed. Plaintiff, who is a diabetic, continued to request medical attention. The Defendant officers continued to laugh and ignore Plaintiff. After over forty-five minutes, the Defendant officers finally acknowledged that Plaintiff needed medical attention.

14.    Immediately after the incident, Plaintiff went to Natividad Medical Center with his wife. Plaintiff was treated for the wound to his head. Plaintiff had swelling on his head, face and both hands. Plaintiff's eyes were also discolored.  Moreover, Plaintiff suffered a broken ankle during the incident. Plaintiff's ankle has not yet fully healed and as a result, Plaintiff sometimes finds it difficult to walk.

15.    Plaintiff alleges that only unreasonable officers would handcuff and subsequently beat a man under these circumstances and in the manner the Defendant officers did.  Plaintiff similarly alleges that he never presented any threat to anyone that could justify the amount of force that the Defendant officers used.

16.    The actions and omissions of City and the Defendant City of Salinas Police Department Officers was objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City and/or other jurisdictions.  City was also responsible for Plaintiff's injuries through its own acts and omissions, negligent and otherwise, by failing to properly

and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

17. The actions of Defendants described herein were brutal, malicious, and done without just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

## DAMAGES

18. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiff was physically, mentally, and emotionally injured and damaged as a proximate result of the excessive force used against him.

19. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION
**Violation of Fourth Amendment of the United States Constitution- Unlawful Detention**
**(42 U.S.C. §1983)**
**(Against Defendants Craig, Calupad, Murphy, and DOES 1-25)**

20. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 19 of this Complaint.

21. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants' lacked the requisite reasonable suspicion to detain Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**Violation of Fourth Amendment of the United States Constitution- Unlawful Seizure**
**(42 U.S.C. §1983)**
**(Against Defendants Craig, Calupad, Murphy, and DOES 1-25)**

22.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 21 of this Complaint.

23.     Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants' lacked the requisite probable cause to arrest Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**Violation of Fourth Amendment of the United States Constitution - Excessive Force**
**(42 U.S.C. §1983)**
**(Against Defendants Craig, Calupad, Murphy, and DOES 1-25)**

24.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 23 of this Complaint.

25.     Defendants' above-described conduct constituted violations of Plaintiff's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(*Monell* - 42 U.S.C. Section 1983)**
**(Against Defendants City and DOES 26-50)**

26.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 25 of this Complaint.

27.     As against Defendants City, and/or DOES 26-50 and/or each of them, individually and/or in their capacities as official policy-maker(s) for City, including the District Attorney's Office. Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of Defendant City tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as Plaintiff.

28.     Plaintiff is informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants City, Craig, Calupad, Murphy, and DOES 1-25 and/or each of them, to the repeated violations of the constitutional rights of citizens by Salinas Police Department officers, which have included, but are not limited to, repeated acts of: making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy and/or early warning system.

29.     Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants City, DOES 26-50 and/or each of them, to the repeated violations of the constitutional rights of citizens by the Salinas Police Department, which have included, but are not limited to, using excessive force on a repeated basis.

30.     Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens.

31.     The aforementioned deliberate indifference, customs, policies or practices of Defendants City, Craig, Calupad, Murphy, DOES 1-25, and/or each of them, resulted in the deprivation of the constitutional rights of Plaintiff.

32.     As a result of the violation of his constitutional rights by Defendants City, Craig, Calupad, Murphy, and/or DOES 1-25 and/or each of them, Plaintiff sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
**Violation of Fourth Amendment of the United States Constitution- Denial of Medical Care**
**(42 U.S.C. §1983)**
**(Against Defendants Craig, Calupad, Murphy, and DOES 1-25)**

33.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 of this Complaint.

34.     As a result of the conduct of Defendants, individually and as peace officers, they are liable for Plaintiff's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

35.     Defendants, individually and as peace officers, knew or should have known that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm.

36.     The conduct of Defendants, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of punitive damages as to Defendants.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

37.     Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.     For general damages in a sum according to proof;

2.     For special damages in a sum according to proof;

3.     For punitive damages in a sum according to proof;

4.     For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.     For cost of suit herein incurred; and

//

6.    For such other and further relief as the Court deems just and proper.

**Law Offices of John L. Burris**

Dated:  January 17, 2017                              __/s/ John L. Burris___
                                                     John L. Burris Esq.,
                                                     Attorney for Plaintiff
                                                     Jose Regalado

Dated:  January 17, 2017                              /s/ Lateef Gray_____
                                                     Lateef Gray, Esq.,
                                                     Attorney for Plaintiff
                                                     Jose Regalado